UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALBERT DEANGELIS,
 #329863,

    Plaintiff,

vs.

Civil Action No. 20-CV-11146

HON. BERNARD A. FRIEDMAN

LIVINGSTON COUNTY SHERIFF
MICHAEL MURPHY, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff, an inmate at the Livingston County Jail in Howell, Michigan, has brought this action under 42 U.S.C. § 1983 against thirteen defendants.[1] The Court has granted plaintiff's application for leave to proceed in forma pauperis ("IFP"). The Court must dismiss an IFP complaint to the extent it is frivolous, fails to state a claim, or seeks relief against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Plaintiff asserts four claims. First, plaintiff alleges that he was denied due process during a disciplinary hearing. Plaintiff asserts that he received inadequate notice of the charge, that he was prevented from presenting his defense, that he was forced to involuntarily plead guilty, and that he was sanctioned with nine days of top-lock. These allegations fail to state a claim. An inmate does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence"

---

[1] Plaintiff names Michael Murphy, Derek Powell, Jeff LeVeque, Rosenbergh, Adas, Christopher Diehl, Aaron Sanders, Pringle, Jeffrey Warder, two John Does, Hatfield, and Liddell.

or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Misconduct convictions that do not result in the loss of good time credits are not "atypical and significant" deprivations and therefore do not implicate due process. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). The alleged sanction here, nine days of top-lock, was insufficient to implicate a protected liberty interest. The Court shall dismiss this claim.

> Second, plaintiff alleges interference with his legal mail. He states:
>
> I contacted the Center for Constitutional Rights via legal [sic] and on 2-21-20 a legal letter response by the above was received @ the Livingston County Jail for me and was denied by defendants as not meeting jail requirements for legal mail. Such does and did meet such requirements because it involves the challenging of conditions of confinement etc. The jail merely would not let it in because of where it was/is from and what it was/is in regards to. . . . Defendants who enforce[d] this illegal unconstitutional policy, procedure practice etc. are "Warder," "Murphy," "LeVeque," "Adas," Pringle & Rosenbergh.

Compl. at 17. While it is unclear whether the letter at issue was "legal" mail, prisoners have the right to receive "non-legal" mail as well. As the Sixth Circuit has noted,

> [t]here is a well-established constitutional dimension to a prisoner's right to receive mail. A prison regulation that impinges on a prisoner's constitutional rights is valid only if it is reasonably related to legitimate penological interests. Decisions regarding policies deemed necessary to preserve internal order and maintain institutional security should generally be accorded wide-ranging deference.

*Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *2 (6th Cir. May 5, 2010) (internal quotation marks and citations omitted). *See also Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003) (stating that "[a] prisoner's right to receive mail is protected by the First Amendment, but

prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives).  As noted, plaintiff alleges that defendants refused to deliver to him a piece of mail "because of where it was/is from and what it was/is in regards to."  This claim may proceed.

Third, plaintiff alleges that when he arrived at the Livingston County jail he was kept in an intake cell for four days and "was denied . . . shower, soap, toothbrush & toothpaste." Compl. at 17.  These allegations fail to state an Eighth Amendment claim.  The Eighth Amendment prohibits inmates from being "subjected to specific deprivations that are so serious that they deny him the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Sixth Circuit has held that allegations of temporary inconveniences, such as those made by plaintiff here, are insufficient to state a claim.  *See Powell v. Washington*, 720 F. App'x 220, 228 (6th Cir. 2017); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2011). Plaintiff's allegations do not assert that the conditions within the intake cell, which he endured for four days, were objectively inhumane or subjected him to a heightened risk of injury.  The Court shall dismiss this claim.

Fourth, plaintiff alleges that defendant Rosenbergh locked him in a "dry" cell without access to water, toilet paper, or a functioning toilet, in retaliation for filing grievances. Compl. at 20.  These allegations suffice to state a First Amendment retaliation claim under *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).  This claim may proceed against Rosenbergh only.

For these reasons,

IT IS ORDERED that the complaint in this matter is dismissed except for (1) the claim that defendants Warder, Murphy, LeVeque, Adas, Pringle, and Rosenbergh have interfered with plaintiff's mail, and (2) the claim that Rosenbergh retaliated against plaintiff for filing grievances.

IT IS FURTHER ORDERED that the Clerk of Court terminate this matter as to defendants Powell, Diehl, Sanders, both John Does, Hatfield, and Liddell.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: May 20, 2020　　Senior United States District Judge
　　　　Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2020.

Michael DeAngelis #329863　　　　　　s/Johnetta M. Curry-Williams
Livingston County Jail　　　　　　　　Case Manager
150 Highlander Street
Howell, MI 48843